UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT CRAIG MACLEOD,

    Plaintiff,

v.                                                                CASE NO. 3:14-cv-793-J-39MCR

GOVERNOR RICK SCOTT and
ATTORNEY GENERAL PAM BONDI,
STATE OF FLORIDA CHIEF LEGAL
OFFICER,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Leave to File Verified Complaint Amendment 1 ("Motion to Amend") (Doc. 12) and Plaintiff's Demand for Service of Summons, Electronic Filing, Counsel, etc. ("Motion for Miscellaneous Relief") (Doc. 15).  For the reasons stated herein, the Motion to Amend is due to be **DENIED**, and the Motion for Miscellaneous Relief is due to be **TERMINATED**.

    **I.**    **Background**

On July 7, 2014, *pro se* Plaintiff filed a Verified Complaint ("Complaint") in this Court against Governor Rick Scott and Attorney General Pam Bondi in order to compel Defendants to enforce Plaintiff's right to a trial by jury in the state court proceedings to which Plaintiff was a party.  (Doc. 1.)  On the same day, Plaintiff filed an Affidavit of Indigency (Doc. 2), which this Court construed as a Motion for

Leave to Proceed in District Court Without Prepaying Fees or Costs; a Motion for Leave to File Electronically (Doc. 4); a Motion for Appointment of Counsel (Doc. 5); and a Notice Withholding Consent to a Magistrate Judge (Doc. 6).

On September 17, 2014, the undersigned entered a Report and Recommendation recommending that Plaintiff's case be dismissed without prejudice for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(h)(3), and that Plaintiff's motions, filed on July 7, 2014, be denied.  (Doc. 9.)  The Report and Recommendation, which remains pending before the Court, provides in relevant part:

> By filing the present federal lawsuit (and a number of similar lawsuits against the same Defendants in this Court), Plaintiff attempts to compel the Governor and the Attorney General of the State of Florida to enforce his right to a trial by jury pursuant to 42 U.S.C. § 1983.  However, . . . this Court has no jurisdiction to interfere with [P]laintiff's pending state court proceeding . . . .  Plaintiff's attempt to create a federal cause of action by invoking the United States Constitution's Seventh Amendment right to trial by jury is unavailing as the Seventh Amendment governs proceedings in federal court, not state court, and plaintiff's right to a trial by jury under Florida law is a matter for him to pursue in state court, not here.

(*Id.* at 3.)

On October 15, 2014, Plaintiff filed the Motion to Amend seeking leave to file an amended complaint, which is attached to the Motion.  (Doc. 12.)  On October 17, 2014, Plaintiff filed the Motion for Miscellaneous Relief requesting that his Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs be granted immediately, his summonses be served immediately, his Motion

for Leave to File Electronically be granted immediately, the persons identified in his Certificate of Interested Persons be removed from the case immediately, his Motion for Appointment of Counsel be granted immediately, and his Notice Withholding Consent to a Magistrate Judge be complied with immediately. (Doc. 15.)

## II. Motion to Amend

### A. Standard for Amendment of Pleadings

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court further stated:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*

### B. Analysis

Plaintiff seeks leave to amend his Complaint because this Court has allegedly "hyperbolically misconstrued" the Complaint. (Doc. 12 at 1.) Plaintiff

argues that he did not have an adequate opportunity to file constitutional challenges in the state court forum both during or after the state court proceedings, and, therefore, abstention under either *Younger* or *Rooker-Feldman* is inappropriate. (*Id.* at 2.)

Plaintiff's proposed amended complaint alleges as follows. In 2010, a lawsuit for breach of contract and unjust enrichment was filed by Bank of America, N.A. against Plaintiff in state court. (Doc. 12-1 at 3.) That same year, Plaintiff filed a compulsory counterclaim alleging fraudulent inducement, unjust enrichment, invasion of privacy, etc. (*Id.*) In February 2012, Plaintiff requested a jury trial on his counterclaim, apparently pursuant to the Seventh Amendment to the United States Constitution. (*Id.*) On May 10, 2013, Plaintiff allegedly attempted to file a § 1983 action, but, on May 13, 2013, Defendants declined to give him an adequate opportunity to do so because the state court entered an order declaring Plaintiff a vexatious litigant pursuant to Fla. Stat. § 68.093, dismissing his claims and counterclaims, and restricting his ability to file *pro se* pleadings in state court, thereby violating his due process rights.[1] (*Id.*; *see also*

---

[1] Plaintiff filed a copy of the May 13, 2013 order, which declared Plaintiff to be a vexatious litigant pursuant to Fla. Stat. § 68.093; directed the Clerks of the Courts in Flagler County, Putnam County, St. Johns County, and Volusia County to refuse to accept Plaintiff's *pro se* filings; dismissed Plaintiff's pending cases; and barred Plaintiff from filing further pleadings unless he paid the filing fee, appeared through counsel, and furnished security in the amount of $1,500. (Doc. 14-3 at 2-9.) The Court takes judicial notice of the order. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78 (11th Cir. 1990).

Doc. 14 at 2; Doc. 14-2 at 2; Doc. 14-3 at 2-9.)  Further, on June 5, 2013, the Flagler County Clerk refused to accept Plaintiff's § 1983 claim pursuant to the May 13, 2013 order.  (Doc. 12-1 at 3.)  Plaintiff alleges he did not have an "adequate opportunity to file constitutional challenges in the state court forum" either during the state court proceedings or following their dismissal.  (*Id.*)  In the proposed amended complaint as in the original Complaint, Plaintiff requests "a real opportunity to be fairly and meaningfully heard with examination of evidence before a neutral tribunal with a jury to protect his property."  (*Id.* at 5.)

A liberal construction of the proposed amended complaint indicates that Plaintiff is requesting the same relief as in the original Complaint, namely a jury trial, which, as already explained to Plaintiff, is unavailable and should be pursued in state court, not here.  (*See* Doc. 9.)  In an attempt to show that this Court has jurisdiction over this case and that abstention under either *Younger* or *Rooker-Feldman* is inappropriate, Plaintiff now alleges that he did not have an "adequate opportunity to file constitutional challenges in the state court forum" either during the state court proceedings or following their dismissal in light of the state court's May 13, 2013 order declaring Plaintiff a vexatious litigant.  (Doc. 12-1 at 3.)  Although the state court order dismissed Plaintiff's pending claims and/or counterclaims, and restricted Plaintiff's ability to file *pro se* pleadings in certain state courts, it did not preclude Plaintiff from asserting constitutional challenges in the subject state courts, as long as he complied with the conditions set forth in

5

the order. *See Lewis v. N. Am. Specialty Ins. Co.*, 2009 WL 950451, *3 (S.D. Ohio Apr. 1, 2009) ("Although Plaintiffs assert that, as declared vexatious litigators, they must undergo a screening process in state court before they can file in the probate case, even this additional hurdle still permits them to raise worthy legal challenges."); *Freeman v. Texas*, 2008 WL 4155346, *4 n.9 (S.D. Tex. Sept. 2, 2008) (determining that plaintiff had an adequate opportunity to raise claims in state court despite the court's order finding plaintiff to be a vexatious litigant, which intended to pre-screen plaintiff's filings for frivolousness, and noting that plaintiff also had the option to hire an attorney).

Further, to the extent Plaintiff alleges that the vexatious litigant order was entered in error, this Court has no jurisdiction to review that order, which has already been explained to Plaintiff on several occasions. *See, e.g.*, *Macleod v. Scott*, Case No. 3:14-cv-823-J-32JRK, at 3 (M.D. Fla. Sept. 26, 2014) ("As previously explained to Macleod in a number of Orders, the Court has no jurisdiction to interfere with his state court proceedings whether pending or closed under the *Younger* and/or *Rooker-Feldman* abstention doctrines."); *Macleod v. Bondi*, 2013 WL 4494994, *1 n.1 (M.D. Fla. Aug. 20, 2013) ("Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings."). *See also Hupp v. Cnty. of San Diego*, 2014 WL 2892287, *4 (S.D. Cal. June 25, 2014) (finding that under *Rooker-Feldman*, the federal district

6

court cannot review plaintiff's challenge of a vexatious litigant order entered by the state court); *Sconiers v. Smith*, 2010 WL 2773306, *4 (E.D. Cal. July 13, 2010) ("Review of procedural matters, such as the state court's determinations of Plaintiff's status as a vexatious litigant, . . . must be addressed by California's appellate courts. Ultimately, appellate jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court.") (citing 28 U.S.C. § 1257); *Drake v. St. Paul Travelers Ins.*, 2009 WL 815999, *1 (E.D. Tex. Mar. 26, 2009) ("[N]o Federal District Court has the power to alter [a vexatious litigant] order entered by a . . . state court.").

As stated recently by the Eleventh Circuit, a *pro se* litigant's "assertion that, without recourse to federal courts, he would be deprived of a venue in which to air his constitutional grievances misunderstands the nature of our dual system of courts." *Manning v. Harper*, 460 F. App'x 872, 875 (11th Cir. Mar. 9, 2012) (per curiam). Because no matter how liberally the Court construes the proposed amended complaint, the Court would still lack subject matter jurisdiction over this case, the undersigned concludes that allowing Plaintiff to amend the Complaint would be futile. Therefore, the Motion to Amend is due to be denied.

### III.    Motion for Miscellaneous Relief

In the Motion for Miscellaneous Relief, Plaintiff requests that his Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs be granted immediately, his summonses be served immediately, his Motion for Leave to File

Electronically be granted immediately, the persons identified in his Certificate of Interested Persons be removed from the case immediately, his Motion for Appointment of Counsel be granted immediately, and his Notice Withholding Consent to a Magistrate Judge be complied with immediately. However, given that the Motion to Amend is due to be denied and the undersigned has already recommended that this case be dismissed without prejudice and Plaintiff's remaining motions, which are the subject of the Motion for Miscellaneous Relief, be denied, the Motion for Miscellaneous Relief is due to be terminated.

Accordingly, it is **ORDERED**:

1. The Motion to Amend (**Doc. 12**) is **DENIED**.

2. The Motion for Miscellaneous Relief (**Doc. 15**) is **TERMINATED**.

**DONE AND ORDERED** at Jacksonville, Florida, on October 27, 2014.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Party