UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT CRAIG MACLEOD,

    Plaintiff,

v.                                         CASE NO. 3:14-cv-793-J-39MCR

GOVERNOR RICK SCOTT and
ATTORNEY GENERAL PAM BONDI,
STATE OF FLORIDA CHIEF LEGAL
OFFICER,

    Defendants.
_____/

### ORDER

**THIS CAUSE** is before the Court on Plaintiff's Verified Motion for Reconsideration on Jurisdiction ("Motion for Reconsideration") (Doc. 23). For the reasons stated herein, the Motion for Reconsideration is due to be **DENIED**.

**I.   Background**

On July 7, 2014, *pro se* Plaintiff filed a Verified Complaint ("Complaint") in this Court against Governor Rick Scott and Attorney General Pam Bondi in order to compel Defendants to enforce Plaintiff's right to a trial by jury in the state court proceedings to which Plaintiff was a party. (Doc. 1.) On the same day, Plaintiff filed an Affidavit of Indigency (Doc. 2), which this Court construed as a Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs; a Motion for Leave to File Electronically (Doc. 4); a Motion for Appointment of Counsel (Doc. 5); and a Notice Withholding Consent to a Magistrate Judge (Doc. 6).

On September 17, 2014, the undersigned entered a Report and Recommendation recommending that Plaintiff's case be dismissed without prejudice for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(h)(3), and that Plaintiff's motions, filed on July 7, 2014, be denied. (Doc. 9.) The Report and Recommendation, which remains pending before the Court, provides in relevant part:

> By filing the present federal lawsuit (and a number of similar lawsuits against the same Defendants in this Court), Plaintiff attempts to compel the Governor and the Attorney General of the State of Florida to enforce his right to a trial by jury pursuant to 42 U.S.C. § 1983. However, . . . this Court has no jurisdiction to interfere with [P]laintiff's pending state court proceeding . . . . Plaintiff's attempt to create a federal cause of action by invoking the United States Constitution's Seventh Amendment right to trial by jury is unavailing as the Seventh Amendment governs proceedings in federal court, not state court, and plaintiff's right to a trial by jury under Florida law is a matter for him to pursue in state court, not here.

(*Id.* at 3.)

On October 15, 2014, Plaintiff filed his first motion to amend the Complaint. (Doc. 12.) In that motion, Plaintiff argued he did not have an adequate opportunity to file constitutional challenges in the state court forum both during and after the state court proceedings in light of the state court's May 13, 2013 order declaring him to be a vexatious litigant, which allegedly made abstention under either *Younger* or *Rooker-Feldman* inappropriate. (*Id.* at 2.) On October 17, 2014, Plaintiff filed a motion for miscellaneous relief requesting that his Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs be

granted immediately, his summonses be served immediately, his Motion for Leave to File Electronically be granted immediately, the persons identified in his Certificate of Interested Persons be removed from the case immediately, his Motion for Appointment of Counsel be granted immediately, and his Notice Withholding Consent to a Magistrate Judge be complied with immediately.  (Doc. 15.)

On October 27, 2014, the Court entered an Order denying the first motion to amend and terminating the motion for miscellaneous relief.  (Doc. 17.)  The Court denied leave to amend on the basis of futility because even under the proposed amended complaint, the Court would still lack subject matter jurisdiction over this case.  (*Id.*)  The Order provided in relevant part:

> Although the state court order dismissed Plaintiff's pending claims and/or counterclaims, and restricted Plaintiff's ability to file *pro se* pleadings in certain state courts, it did not preclude Plaintiff from asserting constitutional challenges in the subject state courts, as long as he complied with the conditions set forth in the order.
> Further, to the extent Plaintiff alleges that the vexatious litigant order was entered in error, this Court has no jurisdiction to review that order, which has already been explained to Plaintiff on several occasions.
> As stated recently by the Eleventh Circuit, a *pro se* litigant's assertion that, without recourse to federal courts, he would be deprived of a venue in which to air his constitutional grievances misunderstands the nature of our dual system of courts.

(*Id.* at 5-6 (internal citations and quotation marks omitted).)

On November 3, 2014, Plaintiff filed his second motion to amend the Complaint, and, on November 14, 2014, he filed his third motion to amend the

Complaint. (Docs. 19, 21.) Both motions remain pending. On November 17, 2014, Plaintiff filed the present Motion for Reconsideration of the Court's October 27, 2014 Order denying leave to amend the Complaint. (Doc. 23.)

## II.     Discussion

### A.     Plaintiff's Arguments

Plaintiff argues the October 27, 2014 Order is "afoul of the law and historical and continuing precedent" because it "is not based upon case authority of precedential value." (*Id.* at 2.) Referring to his second and third proposed amended complaint, Plaintiff asserts that he no longer seeks a federal cause of action by invoking the United States Constitution's Seventh Amendment right to trial by jury, but rather by invoking the Fourteenth Amendment Equal Protection Clause. (*Id.* at 8.) Plaintiff states that this Court "is required to review plaintiff's allegation that defendant's vexatious litigant order violated plaintiff's right to equal protection under Fla. Stat. 68.093." (*Id.* at 19.) Plaintiff further states:

> [I]f given plaintiff's circumstances he is guaranteed a right to a jury trial by state statute, rules of procedure and constitution then the 14th Amendment equal protection clause protects his right to a jury trial. To deny a jury trial guaranteed in the state forum would be to deny the equal protection clause of the 14th Amendment.

(*Id.* at 24 (footnotes omitted).)

Plaintiff asserts that his third proposed amended complaint "makes legally sufficient changes in plaintiff's matter deleting all counts and remedies originally sought which the court could not comprehend and failed to construe liberally."

(*Id.* at 13.)  Plaintiff argues that leave to amend should be granted as a matter of law because no responsive pleading has been filed.  (*Id.* at 9.)

## B.    Standard

Although not specifically mentioned in the Federal Rules of Civil Procedure, a motion seeking a reconsideration of an earlier ruling is governed either by Rule 59 or Rule 60.  *Bell v. Houston Cnty., Ga.*, 2007 WL 4146205, *2-3 (M.D. Ga. Nov. 19, 2007).  Rule 59(e) governs motions to alter or amend judgment filed no later than twenty-eight days after the entry of the judgment.  Fed.R.Civ.P. 59(e).  Rule 60(b) governs motions seeking relief from a final judgment, order, or proceeding filed within a reasonable time, or no more than a year after the entry of the judgment or order, or the date of the proceeding.  Fed.R.Civ.P. 60(c).

> Reconsideration is only proper if the movant has demonstrated that:  (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice.  Reconsideration of a prior order is an extraordinary remedy, and should be employed sparingly. . . . [A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined.  Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.

*Bell*, 2007 WL 4146205, at *2 (internal citations and quotation marks omitted).

Although Plaintiff's Motion for Reconsideration, filed twenty-one days after the Court's October 27, 2014 Order, does not specify under which rule it is brought, the Court will treat the Motion as filed under Rule 60(b) because it seeks

reconsideration of an order. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). "The purpose of a Rule 60(b) motion is to permit the district court to reconsider matters . . . as to correct obvious errors or injustices." *Anderson v. United States*, 159 F. App'x 936, 938 (11th Cir. Dec. 19, 2005). "Under Rule 60(b)(6), a court may grant relief for any other reason justifying relief . . . . Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Bell*, 2007 WL 4146205, at *4 (citing *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001)).

### C. Analysis

Plaintiff does not argue that there has been an intervening change in the law, or that new evidence has been discovered that was previously unavailable. Instead, he seems to argue that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. However, in doing so, Plaintiff is simply rearguing issues that the Court has already decided.

Although the allegations in Plaintiff's second and third proposed amended complaint appear to be based on a new theory of liability, *i.e.*, the Equal Protection Clause of the Fourteenth Amendment, the gravamen of Plaintiff's proposed pleadings is the same.  Essentially, Plaintiff alleges that the vexatious litigant order was entered by the state court in error, which precluded Plaintiff from raising his constitutional challenges in state court, and that Plaintiff was deprived of his right to a trial by jury in the state court proceedings.  However, in the October 27, 2014 Order, the undersigned explained to Plaintiff that a federal district court has no jurisdiction to review a state court order, and that while the vexatious litigant order may have limited Plaintiff's ability to file *pro se* pleadings in state court, it did not preclude Plaintiff from filing meritorious claims so long as the requirements of the vexatious litigant order have been met.  Therefore, no legal or factual matters exist to warrant reconsideration of the Court's earlier Order.

To the extent Plaintiff argues that the undersigned's impartiality might reasonably be questioned in light of the case law cited in the October 27, 2014 Order, it is well-established that a judge's view of the law is not a proper basis for disqualification.  *See* In re *Waczewski*, 2006 WL 1594141, *2 (M.D. Fla. May 5, 2006) ("A judge's views on legal issues may not serve as a basis for motion to disqualify.").  Therefore, Plaintiff's request for disqualification, to the extent it has been properly raised, is due to be denied.

Plaintiff also argues that leave to amend should be granted as a matter of law because no responsive pleading has been filed to date.  Although Rule 15(a)(1)(A), Fed.R.Civ.P., allows amendment once as a matter of course within 21 days after a pleading is served, Plaintiff's Complaint has not yet been served on Defendants.  In fact, Plaintiff has not even been granted leave to proceed *in forma paupris*.  Therefore, Plaintiff's reliance on Rule 15(a)(1)(A) is misplaced.

Accordingly, it is **ORDERED**:

The Motion for Reconsideration (**Doc. 23**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on December 9, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Party